```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF IOWA
                 WESTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CV-04069-DEO |
| v. | ORDER |
| KAREN R. ROSENTRATER, a/k/a Karen R. Hanson, | |
| Defendant. | |

This matter is before this Court pursuant to the United States of America's, Plaintiff's, motion for summary judgment. Docket No. 6. Plaintiff's initial complaint alleges that Defendant has defaulted on a Federal Student Loan and seeks a judgment for collection thereof. Docket No. 1.

**I. LAW AND ANALYSIS**

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one which "is significant or essential to the issue or matter at hand." Black's Law Dictionary (9th ed. 2009), fact. A genuine dispute is more than a mere "metaphysical doubt as to the material facts;" it is a dispute such that there is a "'genuine need for a trial'." <u>Matsushita Electric Industrial</u>

Co., v. Zenith Radio Corporation et. al., 475 U.S. 574, 586-87 (1986) (quoting Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e), 28 U.S.C. App., pg. 626).  There is no genuine need for a trial when "the record taken as a whole," as well as applicable law, "could not lead a rational trier of fact to find for the non-moving party.'"  Id. at 587 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)).  When considering a motion for summary judgment, a court must view the facts in a light most favorable to the non-moving party.  475 U.S. at 587.

In summary judgment disputes, the movant bears the initial burden "of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue."  Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Celotex, 477 U.S. at 323).  The Plaintiff's Declaration of Alberto Francisco, a United States Department of Education Loan Analyst, declares that Plaintiff executed a promissory note with the United States Department of Education on October 31, 2000.  Docket No. 6-3, 1.  It further provides that the United States remains the holder and owner of the note, and Defendant defaulted on November 11, 2007.  Id.  Plaintiff also provided

2

the Application for Loan and Promissory Note signed by Defendant, as well as a Certificate of Indebtedness signed under penalty of perjury and showing Defendant defaulted on November 11, 2007. Docket No. 1-1, 1-2, and 1-3. Thus, Plaintiff has established a prima facie case.

Once the movant has carried his burden, the non-moving party is required "to go beyond the pleadings" and through "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing . . . there is a genuine issue for trial.'" Celotex, 477 U.S. at 423 (citing Fed. R. Civ. P. 56(e)). Defendant resists Plaintiff's motion for summary judgment on the following grounds: (1) the statute of limitations bars Plaintiff's claim; (2) the action has not been initiated by a proper authority; and (3) Plaintiff has failed to show that default has occurred.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2415(a) provides:

> except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract . . . shall be barred unless the complaint is filed within six years after the right of action accrues . . . .

3

However, the "Higher Education Technical Amendments of 1991 eliminated the . . . statute of limitations for student loan collections . . . ." Docket No. 9-1, 4-5; United States v. Hodges, 999 F.2d 341, 342 (8th Cir. 1993) (citing 20 U.S.C. § 1091a(a)). 20 U.S.C. § 1091a(a) provides:

> It is the purpose of this subsection to ensure that obligations to repay loans . . . are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced . . . no limitation shall terminate the period within which suit may be filed . . . ."

In this case, 20 U.S.C. §1091a(a) is controlling. Notably, 28 U.S.C. 2415(a) provides that it is applicable "except as otherwise provided by Congress," and 20 U.S.C. § 1091a(a) provides that it applies "without regard to any Federal . . . statutory . . . limitation on the period within which debts may be enforced." Furthermore, it is a general rule of construction that specific statutory provisions are given effect over general statutory provisions. Harrell v. U.S. Postal Service, 445 F.3d 913, 927 (7th Cir. 2006). Thus, there is no statute of limitations related to student loans, and Plaintiff cannot be denied summary judgment on this basis.

## III. AUTHORITY TO BRING ACTION

20 U.S.C. § 1091a(a)(2) limits its derogation of applicable statutes of limitations to actions initiated by a group of private institutions with well defined agreements with the Federal Government, as well as the Secretary of the Treasury, "the Attorney General, or the administrative head of another federal agency . . . ."

Apparently, Defendant argues that actions brought in the "name" of the United States do not qualify. Docket No. 15, 1. However, 20 U.S.C. § 1091a(a)(2) specifically states that actions must be "initiated . . . by . . . the Attorney General," not brought in the "name" of the Attorney General. As Plaintiff's counsel noted at the hearing of December 8, 2011, his employer is the Attorney General, and, therefore, this action was properly "initiated or taken by . . . the Attorney General" in comportment with the requirements of 20 U.S.C. §1091a(a)(2). Furthermore, it is common knowledge that the legal arm of the United States is the Attorney General's Office; and, therefore, actions, whether brought in the name of the United States or the Attorney General or whether initiated by the United States or the Attorney General, are

ultimately United States' actions, and so the distinction Defendant asks this Court to make has no real effect.

**IV. WHETHER THERE HAS BEEN ACTUAL DEFAULT**

As previously noted, Plaintiff has provided the Declaration of Alberto Francisco, a United States Department of Education Loan Analyst, which states Defendant defaulted on November 11, 2007. Docket No. 6-3, 1. Plaintiff also provided a Certificate of Indebtedness, signed under penalty of perjury, indicating Defendant defaulted on November 11, 2007. Docket No. 1-1, 1-2, and 1-3.

Regardless, Defendant, somewhat confusingly, maintains Plaintiff has failed to show that default has occurred. Defendant has never maintained that she has honored the terms of her agreement. In fact, this argument is entirely contrary to her claim that the statute of limitations has run. Defendant actually claims that her date of default "was much earlier than November 11, 2007." Docket No. 15, 2. Since both parties contend Defendant defaulted, and there is no statute of limitations - rendering the date of default immaterial - there is no genuine issue as to a material fact.

**V. CONCLUSION**

The undisputed facts are that Defendant took money from the Federal Government for her own ends pursuant to a valid agreement to make repayment, the Government maintained the right to enforce that agreement, and the Defendant has failed to honor that agreement. **Therefore, Plaintiff's motion for summary judgment is granted, and Defendant Karen R. Rosentrater, a/k/a Karen R. Hanson, is hereby adjudicated liable to the United States for the sum of $109,393.55, which includes $80,126.57 principal and $29,266.98 interest, as of September 19, 2011, plus interest accruing thereafter at a rate of $18.10 per day, which equals, to this date, $3,077.00, plus costs of this action in the total amount of $369.00 ($350.00 court costs and $19.00 service/complaints costs), and statutory interest after judgment.**

**IT IS SO ORDERED** this 7th day of March, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa